IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED

2008 JUL 15  PM 4:38

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY _____
                    DEPUTY

MAX WELLS,                              §
                                       §
VS.                                    §        CIVIL ACTION NO.
                                       §
SMITHKLINE BEECHAM                     §        A06CA126 LY
CORPORATION,                           §

## PLAINTIFF'S MOTION TO EXCLUDE A PORTION OF THE TESTIMONY BY DEFENDANT'S WITNESS DR. GEORGE SANTOS

TO THE HONORABLE COURT:

1.      Plaintiff, Max Wells, moves to exclude a limited portion of the testimony and report of Defendant's purported expert witness, Dr. George Santos. This motion is limited to a single one sentence paragraph of the report and testimony related thereto.

### I.      INTRODUCTION

2.      Defendant has designated Dr. George Santos as a testifying expert. On May 9, 2008, Defendant provided Plaintiff with the Report of Dr. George Santos.[1] Dr. Santos is a practicing psychiatrist. While the vast majority of Dr. Santos' report relates to Dr. Santos' purported psychiatric opinion regarding Dr. Wells and a purported medical history of Dr. Wells, the report also contains a single one sentence paragraph on page 7 regarding the scientific literature, in which Dr. Santos offers the following statement: "The scientific literature does not permit a statement to a reasonable degree of medical certainty that Requip causes or contributes to gambling." While counsel for Plaintiff believes that the "expert report" as a whole is probably the most biased and unfair expert report he has ever seen and intends at trial to challenge the validity of the opinions stated in the report, Plaintiff is not challenging by way of this Daubert motion

---

[1] See Exhibit 1, filed separately under seal.

**PLAINTIFF'S MOTION TO EXCLUDE TESTIMONY**
**OF DEFENDANT'S WITNESS DR. GEORGE SANTOS**                                    **PAGE 1**

Dr. Santos' actual "technical qualifications" as a psychiatrist on the majority of the issues covered by the report.

3.      By way of this Motion, Plaintiff seeks to exclude any testimony or written evidence from Dr. Santos regarding what conclusions may be drawn from scientific literature with regard to whether Defendant's drug Requip causes or contributes to gambling.  This exclusion is sought because Dr. Santos is not qualified to give such an opinion and his testimony does not meet the standard for admissibility of expert testimony articulated by the United States Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993).  Any statements by Dr. Santos, whether in his testimony or in his report, regarding what conclusions may be drawn from scientific literature should be excluded, because such statements are based on the subjective opinion of Dr. Santos and are not based on any expertise or experience in the publication, study design  or peer review of scientific literature. Dr. Santos is neither a scientist nor a researcher; he is a practicing physician.  When it comes to the subject matter of scientific literature, he simply does not have the "scientific knowledge" required by *Daubert* and FRE 702 and his testimony on the issue is not the product of reliable principals and materials that have been reliably applied to the facts of this case.

## II.     FACTS

4.      Dr. Santos' resume, as produced by Defendant, shows that he has zero experience as a peer reviewer, scientific researcher, or author of scientific literature.[2] He is a practicing physician with no experience in scientific research regarding compulsive gambling or pharmacology, or any relationship between the two.

5.      At his deposition, Dr. Santos conceded that he is not an expert in

---

[2] *See* Exhibit 2, attached hereto.

designing scientific studies, and that he has never published any peer reviewed articles himself, much less any articles dealing with the subject matter of this case.[3]   He has never served on a peer review committee, either.[4]   Further, he has never testified regarding whether scientific literature permits a statement to a reasonable degree of medical certainty that a particular medication causes or contributes to gambling.[5]

6.    To perform a useful, reliable analysis of scientific literature, particular types of experience and training—types which Dr. Santos lacks—are essential.   It is necessary to have knowledge and experience in research methodology and statistics to be able to draw meaningful conclusions from scientific literature.   Plaintiff's expert witnesses Dr. Ari Kalechstein and Dr. Timothy Fong both have such qualifications, but Dr. Santos does not.[6]

7.    Also, it is clear from Dr. Santos' testimony that he has not performed any kind of scientific or useful analysis on which to base the statement in his report regarding what conclusions may be drawn from scientific literature.   He concedes that he has performed no written analysis on the issue of whether the scientific literature permits a statement to a degree of reasonable medical certainty as to whether Requip causes or contributes to any form of compulsive behavior.[7]   Dr. Santos admits that he reviewed a lot of articles that discuss a possible association between dopamine agonists (such as Requip) and gambling.   Interestingly, he has never tabulated the number of such articles or determined what percentage of the articles that he has

---

[3] Excerpts from Deposition of Dr. George Santos, attached hereto as Exhibit 3, p. 47, lines 7-13; *id.* at p. 256, lines 9-11.

[4] *Id.* at p. 256, lines 12-14.

[5] *Id.* at p. 256, line 20 – p. 257, line 7.

[6] *See* Affidavit of Ari Kalechstein, filed separately under seal as Exhibit 4.

[7] Exhibit 3, p. 257, lines 8-14.

reviewed discussing a possible association between dopamine agonists such as Requip and gambling.   He just looked through articles and without applying any scientific methodology, gave an opinion that is contrary to a number of the articles in the scientific literature. [8]

### III.   ARGUMENT AND AUTHORITIES

8.     Under FRE 702, "a witness must be shown to be sufficiently qualified by 'knowledge, skill, experience, training, or education' before he will be permitted to give expert testimony."[9]  *Daubert* recognizes that this standard includes a requirement that an expert's testimony rests on a reliable foundation and pertains to "scientific knowledge."[10]  The "scientific" portion of that requirement "implies a grounding in the methods and procedures of science."[11]

9.     The determination of whether a witness is qualified as an expert must include a comparison of the witness's specific "knowledge, skill, experience, or education with the subject matter of the witness's testimony."[12]  Thus, the focus "is on the 'fit'  between the subject matter at issue and the expert's familiarity therewith."[13]  Witnesses who testify broadly, going outside of their areas of expertise, are "more likely to mislead a jury than to help them find the truth."[14]

10.     Trained as a practicing physician, Dr. Santos lacks the requisite experience and knowledge base in the methods and procedures of science and

---

[8] *Id.* at p. 257, line 21 – p. 258, line 5.
[9] *Whiting v. Boston Edison Co.*, 891 F. Supp 12, 24 (D. Mass. 1995)(quoting FRE 702).
[10] *Daubert* at 589-90.
[11] *Id.*
[12] *Nunley v. Kloehn*, 888 F. Supp 1483, 1487-88 (E.D. Wis. 1995)(citing *Carroll v. Otis Elevator Co.*, 896, F. 2d 210, 212 (7th Cir. 1990).
[13] *Id.* at 1488.
[14] *O'Conner v. Commonwealth Edison Co.*, 807 F. Supp 1376, 1389-90 (C.D. Ill. 1992).

scientific research which would enable him to provide testimony that would be useful to the trier of fact in understanding what conclusions could be drawn from scientific literature regarding Requip and gambling.    Simply put, there is no "fit" between his expertise and any opinion he has given or may give regarding what conclusions may be drawn from scientific literature regarding whether any medication causes or contributes to compulsive gambling or any other compulsive behavior.

11.    Furthermore, FRE 702 requires that the witness's testimony must: 1) be based on sufficient facts or data; 2) be the product of reliable principles and methods, and 3) be given through the reliable application of those principles and methods to the facts of the case.[15]

12.    In his report, Santos makes a statement about what may be concluded from scientific literature, without providing any analytical basis for his statement.  It is merely a  statement of opinion, with no basis in "reliable principles and methods" as required by FRE 702.  Accordingly, that statement by Santos and any similar testimony are more likely to mislead the jury than to provide any legitimate assistance in the factfinding process.

13.    Defendant has declined to agree to limiting Dr. Santos' testimony and the statements in his report in accordance with this Motion.

## IV.    CONCLUSION

14.    In consideration of the foregoing, Defendant's witness Dr. George Santos is not qualified to provide opinion testimony regarding the conclusions that may be drawn from scientific literature.  Also, the statement in his report regarding what conclusions may be drawn is made without any basis in reliable principles and methods.

---

[15] FRE 702.

Therefore, any testimony or other statements by Santos regarding the conclusions that may be drawn from scientific literature regarding whether Requip or any other medication causes or contributes to compulsive behaviors should be excluded from review by the factfinder.

## PRAYER

Wherefore, premises considered, Plaintiff respectfully requests that the Court enter an order:

1) excluding from the factfinder's review any opinions by Dr. George Santos relating to the issue of whether the scientific literature supports or does not support a statement to a degree of reasonable medical certainty that Requip causes or contributes to gambling

2) striking from Dr. George Santos' report any statement regarding what conclusions may be drawn from scientific literature; and

3) awarding Plaintiff such other and further relief to which he is justly entitled.

Respectfully submitted,

**WINSTEAD PC**
5400 Renaissance Tower
1201 Elm Street
Dallas, Texas  75270-2199
(214) 745-5400
(214) 745-5390 – Fax

By: _____
Jay J. Madrid
    TX Bar No. 12802000
William M. Parrish
    TX Bar No. 15540325
Tom Alleman
    TX Bar No. 01017485
David S. Morris
    TX Bar No. 24032877

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that, on this 15th day of July 2008, a true and correct copy of the foregoing document was forwarded to Defendant's counsel via hand delivery.

Stephanie A. Smith
Stacey Martinez
Megan Hudgeons
Fulbright & Jaworski LLP
600 Congress Ave. #2400
Austin, TX 78701

_____
William M. Parrish

## CERTIFICATE OF CONFERENCE

I hereby certify that, on this 15th day of July 2008, I spoke with Megan Hudgeons, one of the counsel for GSK, regarding the relief sought by this Motion.  GSK will not agree to the relief requested by this motion and will not agree to withdraw from Dr. Santos' report the language regarding what may be concluded from scientific literature.  Opposing counsel declined to agree that Dr. Santos will not provide testimony regarding what conclusions may be drawn from scientific literature.

William M. Parrish